# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Curtis Fuller,

                  Plaintiff,        Case No. 18-cv-13173

v.                                    Judith E. Levy
                                         United States District Judge

Hedi Washington, et al.,

                                         Mag. Judge Stephanie Dawkins
                  Defendants.    Davis

_____/

## OPINION AND ORDER DENYING MOTION TO WAIVE FEES [2], MOTION TO APPOINT COUNSEL [4], MOTION FOR A RESTRAINING ORDER [5], AND DISMISSING COMPLAINT [1] WITHOUT PREJUDICE

This matter comes before the Court on plaintiff Raleem-X's pro se civil rights complaint. Plaintiff is a Michigan state prisoner at Carson City Correctional Facility. He alleges that prison staff have subjected him to racially and religiously motivated abuse, such as disparaging remarks, beatings, and threats. He also claims that he wrongfully received a heighted security classification, known as Security Threat Group (STG) status, and that this has led to further abuse including the

denial of food. For the following reasons, the Court dismisses plaintiff's complaint without prejudice.

*

When filing a civil complaint, a prisoner is prevented from proceeding *in forma pauperis*—without prepaying the necessary fees and costs—if on three or more previous occasions a federal court has dismissed an earlier complaint because it was frivolous, malicious, or failed to state a claim for which relief may be granted. 28 U.S.C. § 1915(g); *Edwards v. Gaul*, 40 Fed. App'x 970, 971 (6th Cir. 2002). The only exception to this "three strikes rule" is where a prisoner can show that he or she is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). But to qualify for this exception, "the threat . . . must be real and proximate and . . . must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 Fed. App'x 796, 797 (6th Cir. 2008). "[A] prisoner's assertion that he or she faced danger in the past is insufficient . . . ." *Id.* at 797–98.

In this case, plaintiff is a prisoner and attempting to proceed *in forma pauperis*. (Dkt. 2) He has also filed more than three prior complaints, which were dismissed for being frivolous, malicious, or

failing to state a claim upon which relief could be granted. *Fuller v. Gerth*, No. 2:12-cv-368, 2012 U.S. Dist. LEXIS 165276 (W.D. Mich. Nov. 20, 2012); *Fuller v. Huss*, No. 1:12-cv-926, 2012 U.S. Dist. LEXIS 139916 (W.D. Mich. Sep. 28, 2012); *Fuller v. Naple*, 2:11-cv-13319, 2012 U.S. Dist. LEXIS 88908 (E.D. Mich. June 27, 2012); *Fuller v. Calvin*, No. 2:00-cv-225, 2001 U.S. Dist. LEXIS 26727 (W.D. Mich. May 28, 2001), *affirmed in Fuller v. Calvin*, 28 Fed. Appx. 390 (6th Cir. 2002). As such, plaintiff can only proceed if he shows that he is in "imminent danger of serious physical injury." § 1915(g).

Plaintiff's complaint outlines several instances where prison staff have allegedly abused him. However, plaintiff has been housed in a number of different prisons while serving his sentence, and all but one of these alleged instances occurred in prisons in which he is no longer located. The remaining instance does not identify the date or the prison where the abuse is alleged to have occurred. But even assuming that it occurred where he is currently housed, a single instance of past physical harm is insufficient to demonstrate a current risk of imminent danger. *Rittner*, 290 Fed. App'x at 797–98. Therefore, plaintiff cannot invoke the imminent danger exception based on these allegations.

Plaintiff further alleges that he is currently subject to hostile treatment by prison staff and inmates due to his STG status. Yet plaintiff fails to explain how this hostile treatment places him in imminent danger of physical harm. Instead, he alleges that his STG status has resulted in less than desirable living conditions and that his property has been damaged. Neither of these circumstances are a basis for the imminent danger exception. *Peeples v. Bradshaw*, 110 Fed. App'x 590, 590–91 (6th Cir. 2004); *Moore v. Palus*, No. 2:06-CV-13729, 2006 U.S. Dist. LEXIS 68200, at *4–5 (E.D. Mich. Sep. 12, 2006). As a result, plaintiff may not invoke the imminent danger exception based on these allegations either. He is thus barred from proceeding *in forma pauperis*.

Accordingly, the Court **DENIES** plaintiff's application for leave to proceed without prepayment of the filing fee (Dkt. 2) and **DISMISSES** his complaint (Dkt. 1) pursuant to 28 U.S.C. § 1915(g). Consequently, plaintiff's other motions (Dkts. 4, 5) are also denied. This dismissal is without prejudice to plaintiff filing a new complaint. However, if he

chooses to do so, he must pay the accompanying fees and costs.

    IT IS SO ORDERED.


Dated: March 21, 2019       s/Judith E. Levy
   Ann Arbor, Michigan      JUDITH E. LEVY
                                          United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 21, 2019.

                                         s/Shawna Burns
                                         SHAWNA BURNS
                                         Case Manager